```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DANFOSS POWER SOLUTIONS (US) COMPANY,   :
                                        :
                Plaintiff,              :       18cv6237(DLC)
                                        :
          -v-                           :       OPINION & ORDER
                                        :
CHARLES R. MADDUX, JR.; JENNIFER        :
MADDUX; CAITLYN WHITE; HOLLIS N. WHITE, :
JR.; HOLLIS N. WHITE, III; JEFFREY N.   :
WHITE; LOIS WHITE; and ELIOT CLAUSS, in :
his capacity as the Sellers'            :
Representative,                         :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiff:
Seth E. Spitzer
Andrew T. Foglia
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166

For the defendants:
Steven Cooper
Henry G. Ciocca, III
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022

DENISE COTE, District Judge:

Plaintiff Danfoss Power Solutions (US) Company ("Danfoss") has sued Charles R. Maddux, Jr., Jennifer Maddux, Caitlyn White, Hollis N. White, Jr., Hollis N. White, III, Jeffery N. White, and Lois White (collectively, "defendants") for breach of

contract and fraudulent inducement arising out of the sale of Propulsys, Inc. ("Propulsys") by the defendants to Danfoss in 2016. The defendants have moved to dismiss the first amended complaint ("FAC"). For the following reasons, the defendants' motion is granted in part.

**Background**

The following facts are taken from the FAC. In July 2016, Danfoss purchased Propulsys from the defendants for approximately $87 million. The defendants sold Propulsys to Danfoss through a stock purchase agreement (the "Contract") dated July 11, 2016. The Contract is attached to the FAC as an exhibit. Some Propulsys employees worked in foreign countries including, as relevant here, China. The Contract includes a representation that Propulsys's benefit plans for its foreign employees complied with all applicable legal requirements in all material respects. The Contract also includes a representation that Propulsys's financial statements from January 2014 through April 2016 were accurate in all material respects.

The Contract provides that the defendants will indemnify Danfoss for losses that exceed $250,000 arising from a breach of any warranty or from an inaccurate representation in the Contract. The Contract includes a procedure for Danfoss to seek indemnification, with which Danfoss has complied. The

2

contractual indemnification procedure is the exclusive remedy for claims arising out of the Contract, except for claims based on "fraud, willful misconduct, or criminal acts."

The Contract also includes, as an exhibit, an agreement between the parties to place $5 million in an escrow account pending the resolution of any indemnification claims. Any indemnification claims to be paid by the defendants are to be satisfied first with the funds from this escrow account.

One subsidiary of Propulsys is White (China) Drive Products ("WCDP"). WCDP employs workers in China and, as a result, is required by Chinese law to make pension and insurance contributions, pay bonuses, and give its employees leave (collectively, "social insurance payments"). The amount of these contributions varies by province, and is calculated based on each employee's base salary. The FAC asserts that, between 2014 and 2016, WCDP paid $562,929 less to the Chinese government than it was required to do, by allowing its employees to report inaccurate base salaries.[1] The FAC alleges that the defendants "knew about WCDP's violations of Chinese law but nonetheless represented to Danfoss that Propulsys and WCDP were in full compliance with local law."

Danfoss calculated the purchase price it paid for Propulsys

---

[1] The FAC describes in detail how the $562,929 figure was calculated.

3

based on Propulsys's financial statements. It asserts that the underpayment of Chinese taxes caused Danfoss to pay $7,712,127 more than it would have if Propulsys's financial statements had been accurate. In addition, when Danfoss discovered the underpayments, it revised WCDP's internal policies to comply with Chinese law, which required "the devotion of internal resources away from regular course tasks as well as payments to outside legal counsel." The FAC does not allege, however, that any province in China has acted to seek payment of back taxes.

This action was filed on July 10, 2018. The defendants filed a motion to dismiss on August 17. An Order of August 20 granted Danfoss leave to amend and instructed Danfoss that "[i]t is unlikely that [Danfoss] will have a further opportunity to amend." Danfoss filed the FAC on September 21. Defendants moved to dismiss the FAC on October 5, and their motion became fully submitted on November 2.

## Discussion

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Coal. for Competitive Elec. v. Zibelman, 906 F.3d 41, 49 (2d Cir. 2018) (citation omitted). "[A] complaint must plead sufficient factual content to allow a factfinder to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Allen v. Credit Suisse Sec. (USA) LLC, 895 F.3d 214, 222 (2d Cir. 2018) (citation omitted). The court must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." Empire Merchants, LLC v. Reliable Churchill LLLP, 902 F.3d 132, 139 (2d Cir. 2018) (citation omitted). But, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted).

Rule 9(b), Fed. R. Civ. P., requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind," however, "may be alleged generally." Fed. R. Civ. P. 9(b). This Rule requires that a complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 94 (2d Cir. 2018) (citation omitted). "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statement to defendants." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (citation omitted). Instead, a plaintiff must "allege that [each named defendant] personally knew of, or participated in, the fraud." Id. (emphasis in original).

5

Although "mental states may be pleaded generally, Plaintiffs must nonetheless allege facts that give rise to a strong inference of fraudulent intent." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 171 (2d Cir. 2015). "The requisite strong inference of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006) (citation omitted).

I. Breach of Contract

Danfoss claims that the defendants breached the Contract by misrepresenting Propulsys's compliance with Chinese law governing social insurance payments and by failing to include additional costs associated with that compliance in Propulsys's financial statements. The defendants move to dismiss this claim on the grounds that (1) Danfoss has failed to plead damages and (2) Danfoss does not allege that the Chinese government informed it prior to closing that WCDP was liable for social insurance underpayments. For the following reasons, the motion to dismiss Danfoss's breach of contract claim is denied.

"[A] breach of contract claim must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv)

damages." Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp., 830 F.3d 152, 156 (2d Cir. 2016) (citation omitted). The FAC plausibly alleges that the purchase price for Propulsys would have been lower had Danfoss known of Propulsys's noncompliance with Chinese law, and that Danfoss spent money to remedy Propulsys's noncompliance. Although the defendants raise a number of arguments about whether Danfoss was required to incur those costs, these arguments are not properly resolved on a motion to dismiss.

The argument that the FAC does not sufficiently allege that the defendants breached the Contract is also unavailing. The defendants represented in the Contract that Propulsys's financial statements were materially accurate and that Propulsys's foreign employee compensation and benefits complied with foreign law. The FAC alleges that both representations were false. This is sufficient to state a claim for breach of contract.[2]

---

[2] The defendants improperly base part of their argument on correspondence between the parties which, they contend, demonstrate that Danfoss had an opportunity to conduct due diligence before the purchase and was informed of all WCDP practices. These documents are neither integral to the FAC nor incorporated therein by reference. See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230-31 (2d Cir. 2016) (explaining standard). The general references in the FAC to the "due diligence process" do not permit the defendants selectively to submit correspondence between the parties. See id. at 234-35 (allowing incorporation by reference where plaintiff's entire claim is premised on document not attached, but rejecting consideration

The defendants argue that no breach of contract claim is stated because the FAC does not allege that the Chinese government has required any back payments from Propulsys. The impact of this omission from the FAC, as well as the impact of Danfoss's purported opportunity to conduct due diligence will have to be assessed at a later stage of this litigation. The defendants' motion to dismiss Danfoss's breach of contract claim is denied.

II. Fraudulent Inducement

Danfoss claims that each of the individual defendants fraudulently induced it to enter the Contract by misrepresenting WCDP's compliance with Chinese law and by misrepresenting Propulsys's financial condition. In making this assertion, the FAC relies exclusively on the representations made in the Contract by the defendants as sellers. The defendants argue that this claim must be dismissed because it is duplicative of the Danfoss's contract claim, because Danfoss fails to state a claim of fraud, and because Danfoss fails to plead fraud with particularity. They are correct.

The fraudulent inducement claim must be dismissed as duplicative of a breach of contract claim. See Merrill Lynch &

---

of other documents not specifically referred to or relied on in a complaint). The impact of this due diligence opportunity on the viability of the breach of contract claim may only be assessed, therefore, after discovery.

Co. v. Allegheny Energy, Inc., 500 F.3d 171, 183-84 (2d Cir. 2007).  The FAC does not rely on any statement collateral to the representations made by the defendants as sellers, collectively, in the Contract.  It must also be dismissed for its failure to plead sufficient facts from which it is plausible to infer that any one of the defendants uttered a statement that was fraudulent at the time it was made such that that defendant knew at the time that the statement was fraudulent.

## Conclusion

The defendants' October 5, 2018 motion to dismiss the FAC is granted in part.  The FAC's fraudulent inducement claim is dismissed.

Dated:    New York, New York
          December 6, 2018

                                    _____
                                    DENISE COTE
                                    United States District Judge

9